IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERYL A. PASCHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10cv592-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Cheryl A. Paschal applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*.  Her applications were denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

---

[1]     Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to

Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10).  Based on the Court's

review of the record and the briefs of the parties, the Court AFFIRMS the decision of the

Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2]     A "physical or mental impairment" is one resulting from anatomical,
physiological, or psychological abnormalities which are demonstrable by medically acceptable
clinical and laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

---

[3]      *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]      *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-three years old on the alleged disability onset date and had completed the tenth grade.  Tr. 14 & 25.  Plaintiff's past relevant work experience was as a fast food cashier.  Tr. 14.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 10.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "status post left ankle fracture; left retrocalcaneal bursitis with bone spurs; osteoarthritis - bilateral knees; obesity; and borderline intellectual functioning."  *Id*. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ."  (Step 3) Tr. 11.  Next, the ALJ found that Plaintiff

> has the residual functional capacity to perform a wide range of unskilled sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she is restricted from using either foot for operation of foot controls; she should rarely climb ramps or ladders; she can balance, walk/stand with assistance of a cane; she is limited to standing/walking for 15 minutes at one time (without leaving work station) but can do so up to 2 hours total in a day; she is restricted from stooping, kneeling, crouching or crawling; and may need to elevate her feet for 15 minutes in one morning and one afternoon period. Due to her cognitive level, the claimant has the ability to understand, remember, and carry out no more than short, simple instructions.

Tr. 12.  The ALJ then found that Plaintiff is unable to perform past relevant work.  (Step 4) Tr. 14.  The ALJ next found that, "[c]onsidering the claimant's age, education, work

experience, and [RFC]," and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id*. The ALJ identified the following occupations as examples: "callout operator," "assembler," and "surveillance system monitor." *Id*.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from November 1, 2008, through the date of this decision." *Id*.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents three claims for this court's review:  (1) "Whether new evidence submitted to the Appeals Council warrants remand"; (2) "Whether the Commissioner's credibility finding is based on substantial evidence"; and (3) "Whether the Commissioner erred in finding that the claimant is capable of performing work as suggested by the Vocational Expert in light of her limitations."  The court will address each of these in turn.

### A.   Whether new evidence submitted to the Appeals Council warrants remand.

Plaintiff argues that new evidence, submitted to the Appeals Council on March 8, 2010, is material to the ALJ's determination of Plaintiff's RFC, and that this case should be remanded to the ALJ for consideration of the new evidence. Pl.'s Brief (Doc. #12) at 6-7. The new evidence is a vocational report from the Wiregrass Rehabilitation Center of Dothan, AL, dated February 8, 2010.  App'x 1 to Pl.'s Brief (Doc. #12-1).  The vocational report was not part of the certified record in this case, but was simply attached to the Plaintiff's brief. Plaintiff has attached a letter and a copy of a facsimile report purporting to show that she

6

attempted to provide the vocational report to the Appeals Council prior to its decision. The Commissioner counters that the evidence should not be considered because it is not part of the certified record.  *See Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985) ("A reviewing court is limited to this record in examining the evidence.").  However, it is the Commissioners responsibility "to include in the certified record all the evidence formally considered." *Id*. (Citing 42 U.S.C. § 405(g)).  The question then becomes whether this report was ever formally considered?  There is nothing in the record to indicate that it was. However, the court finds that it need not definitively determine this question, because even assuming that the vocational report should have become part of the certified record, it would not require a remand, as the court does not find that the "new evidence renders the denial of benefits erroneous." *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

As the Commissioner rightly points out, prior to a remand based on new evidence, Plaintiff must establish that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Commissioner of Social Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2011) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986)). Plaintiff argues that the report would have changed the outcome of the ALJ's RFC determination because the report shows the "severity of [Plaintiff's] mental functioning

limitations," including: her quality and quantity of work; her deficiencies in arithmetic development and reading comprehension; and twenty-two other functional limitations. Pl.'s Brief (Doc. #12) at 6. However, it is clear from a review of the ALJ's findings that Plaintiff's limitations were well accounted for in the RFC determination. The ALJ determined that Plaintiff suffered from the severe impairment of borderline intellectual functioning, Tr. 10, and moderate difficulties in maintaining concentration, persistence, or pace. Tr. 11. Further, the ALJ restricted Plaintiff to unskilled labor and specified that "[d]ue to her cognitive level, [Plaitnff] has the ability to understand, remember, and carry out no more than short, simple instructions." Tr. 12. The ALJ's RFC determination was consistent with the medical evidence of record relating to Plaintiff's cognitive functioning. "Accordingly, even in the light of the additional evidence presumably submitted to the [Appeals Council], substantial evidence supports the ALJ's decision," and this court will not disturb it. *Poellnitz v. Astrue*, 349 F. App'x 500, 503 (11th Cir. 2009). Accordingly, the court finds that the new evidence provides no basis for remand.

**B.    Whether the Commissioner's credibility finding is based on substantial evidence.**

Here Plaintiff argues that the ALJ failed to articulate adequate reasons for discrediting Plaintiff's subjective complaints of pain. (Doc. #12) at 11. The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

8

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).   The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561.  Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard."  *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991); *see also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1272-73 (N.D. Al. 2006) (quoting *Elam*, 927 F.2d at 1215).  Where the ALJ proceeds to consider the claimant's subjective testimony about pain, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence.  *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).  Finally, if the ALJ determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility."  *Id.*

9

In this case, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 13. The issue then, is whether the ALJ's articulated reasons for his findings are supported by substantial evidence.

In stating his reasons, the ALJ found that, with regard to Plaintiff's "lower left extremity, the evidentiary record does not contain evidence of an underlying impairment(s) that would preclude her from performing unskilled work at the sedentary exertional level." Tr. 13-14. The ALJ also pointed to the fact that neither the consultative physical exam nor the May and June, 2008, x-rays were not inconsistent with the RFC. The ALJ then discussed Plaintiff's prescriptions for a cane and orthopedic shoes and Dr. Zweig's recommendation that Plaintiff be evaluated by an orthopedic surgeon. Finally, the ALJ stated that "no treating examining medical source has opined that the claimant has limitations caused by an underlying medically determinable impairment inconsistent with the performance of basic work activities at all exertional levels on a sustained basis." Tr. 14.

Plaintiff argues that the ALJ failed to note in his decision that Dr. Banner had opined in his treatment notes that Plaintiff would need continued orthopedic care. Pl.'s Brief (Doc. #12) at 10. Plaintiff also argues that although the ALJ cited to the lack of any treating examining medical opinion of an impairment that would limit basic work, "a medical opinion

10

directly referring to a limitation is not necessary to prove the claimant's allegations of disabling pain when there is such a history of required medical care." Pl.'s Brief (Doc. #12) at 10.  While this second assertion may be true, the lack of any medical opinion indicating any limitations on Plaintiff to perform basic work is something the ALJ properly took into consideration.  In addition, as noted by the Commissioner, it is Plaintiff's burden to establish her disability.  Def.'s Brief (Doc. #13) at 7 (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)). While Plaintiff's medical evidence supports the ALJ's determination that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Tr. 13, so too does the record support his determination that Plaintiff's claims are not credible in as much as they might preclude her from performing work functions at the very limited RFC.  Further, the court is not concerned that the ALJ failed to specifically mention Dr. Banner's opinion that Plaintiff would need continued orthopedic care.  The ALJ need not mention every piece of evidence in support of his determination. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the reviewing court to determine the ALJ considered the evidence.).  As stated above, the ALJ repeated Dr. Zweig's opinion that Plaintiff should be evaluated by an orthopedic surgeon.  The ALJ also found Plaintiff could not perform her past work as a cashier and curtailed Plaintiff's RFC to only include sedentary work.  It is clear from the record and the ALJ's opinion that he balanced Plaintiff's complaints of pain against the

evidence of record when making the credibility determination and formulating the very limited RFC.  This court finds that substantial evidence supports the ALJ's decision.

**C.   Whether the Commissioner erred in finding that the claimant is capable of performing work as suggested by the Vocational Expert in light of her limitations.**

Here, Plaintiff argues that the ALJ erred when he failed to elicit an explanation from the VE as to why the VE's testimony was inconsistent with the *Dictionary of Occupational Titles* (DOT).  Specifically, Plaintiff argues that the General Education Development language listings for a Surveillance System Monitor, Call-out Operator, and Assembler, the three jobs that the vocational expert identified Plaintiff could perform, exceed her abilities.

This is not a case where the ALJ failed to ask the VE to advise him if there were any conflicts between the VE's opinion and the DOT.  See Tr. 38. Further, the jobs identified by the VE are unskilled work.  See Def.'s Brief (Doc. #11) at 11 (citing  20 C.F.R. § 404.1568(a) ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time")).  There is no conflict between the jobs listed by the VE and the ALJ's RFC determination, where the ALJ further limited Plaintiff's ability to perform unskilled labor because, "[d]ue to her cognitive level, [Plaintiff] has the ability to understand, remember, and carry out no more than short, simple instructions." Tr. 12.  At any rate, as the Commissioner rightly points out, any possible error was cured when the VE testified that there were 104,000 assembler jobs nationally and 1,600 assembler jobs in Alabama, Tr. 40, which constitutes a significant number of jobs.  *See*

12

Def.'s Brief (Doc. #12) at 13 *(citing Brook v. Barnhart*, 133 F. App'x 669, 671 (11th Cir. 2005) (804 jobs in the national economy constitutes a significant number of jobs); *see also Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (Commissioner sustained burden of showing existence of significant number of jobs in the national economy where the VE testified 174 jobs existed in the area, 1,600 in the State of Georgia, and 80,000 nationwide)). Although Plaintiff argues that the job of assembler is not consistent with her cognitive functioning, she is merely rearguing the severity of her mental impairments.[5]  The ALJ, backed by substantial evidence and the testimony of the VE, determined that plaintiff could perform the jobs he described.[6]  Accordingly the court finds this argument to be without merit.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED.  A separate judgment will issue.

---

[5] The court notes that despite Plaintiff's contentions regarding her limited cognitive abilities, she did perform work as a fast food cashier for several years.  *See Street v. Barnhart*, 340 F. Supp. 2d 1289, 1294 (M.D. Ala 2004) (finding any error harmless where reasoning level of past job exceeded the jobs ALJ determined Plaintiff could perform).

[6] In addition, there is precedent in this Circuit which sates that "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." *Jones v. Apfel*, 190 F.3d 1224, 1229-1230 (11th Cir. 1999).  As the Commissioner notes, "[t]his appears to still be binding precedent, despite SSR 00-4p."  Def.'s Brief Doc. #13) n. 10 (citing *See Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007); *Lipson v. Barnhart*, 347 F. Supp. 2d 1182, 1188-89 (M.D. Ala. 2004)).

DONE this 8th day of June, 2011.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE